IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEMMIE GENE CROW (TDCJ No. 1995869), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-388-G-BN |
| MRS. COOK, Clerk, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the petition for writ of mandamus filed by Temmie Gene Crow, a Texas inmate proceeding *pro se*.

**Applicable Background**

Crow is in state custody pursuant to two convictions out of Grayson County, Texas and is incarcerated in the Cole State Jail in Bonham, Texas, located within Fannin County. His current federal filing concerns a jail-time credit, and pursuant to the federal mandamus statute, Crow requests that this Court "have the Grayson County Court Records Clerk Mrs. Cook ... forward to the Huntsville, Texas Records Dep't so the records will be corrected so that [he] can get [his] jail time." Dkt. No. 3 at

5.

## Legal Standards and Analysis

The federal mandamus statute, 28 U.S.C. § 1361, provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.*

> Although the federal writ of mandamus technically has been abolished, the court has the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. *Arnold v. Blast Intermediate Unit 17*, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Statutory mandamus, like its common-law predecessor, is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

*Brown v. Beard*, No. 4:CV-09-0136, 2009 WL 498630, at *2 (M.D. Penn. Feb. 25, 2009).

It is clear, however, that this Court may not use the federal mandamus statute in the manner that Crow requests – to compel state officials to act – because "[f]ederal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) (citing *Moye v. Clerk, Dekalb Cnty. Sup.Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties)); *see also Hicks v. Brysch*, 989 F. Supp. 797, 811 (W.D. Tex. 1997) ("The defendant is the elected District Clerk of Karnes County, Texas, not a

federal officer, agent, or employee and, as such, is not subject to the statutory mandamus authority of this Court. Thus, this Court lacks jurisdiction to entertain plaintiff's request for mandamus relief against the defendant.").

Crow has filed at least two prior actions requesting that this Court direct a state official in Grayson County to act. *See Crow v. Cty. Dist. Clerk*, No. 3:15-cv-2491-P (N.D. Tex.); *Crow v. Dist. Clerk*, No. 3:16-cv-1391-G (N.D. Tex.). Documents attached to the current mandamus petition inform the Court that Crow may be attacking an administrative decision concerning the execution of his state sentences. *See, e.g.*, Dkt. No. 3 at 12. Crow must fully exhaust any state-court remedies as to that decision before seeking federal-habeas review. *See* 28 U.S.C. § 2254(b)(1)(A). But, to the extent that he should file a federal habeas action concerning the execution of his state sentences, such an action should not be filed in this Court because Crow was convicted in – and is incarcerated at a state institution located in – counties that are within the Sherman Division of the Eastern District of Texas, *see id.* § 124(c)(3).

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." *Id.* § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). These filing

requirements are jurisdictional. *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966).

## Recommendation

This action should be summarily dismissed for the reasons explained above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 13, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE